**Tshituka Tyty LUMBALA, Petitioner,**

v.

**Alberto GONZALES, Attorney General,\* Respondent.**

**No. 04–1333–ag.**

United States Court of Appeals, Second Circuit.

June 20, 2006.

Glenn L. Formica, New Haven, CT, for Petitioner.

Bruce A. Khula, Assistant United States Attorney (Gregory A. White, United States Attorney, on the brief), United States Attorney's Office for the Northern District of Ohio, Cleveland, OH, for Respondent.

PRESENT: THOMAS J. MESKILL, JOSÉ A. CABRANES and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Tshituka Tyty Lumbala, a native and citizen of the Democratic Republic of the Congo, seeks review of a February 24, 2004 order of the BIA, *see In re Lumbala,* File No. A 95 367 466 (BIA Feb. 24, 2004), affirming without opinion the November 12, 2003 order of Immigration Judge Matthew J. D'Angelo ("the IJ") denying Lumbala's requests for asylum, withholding of removal under the Immigration and Nationality Act, and relief under the United Nations Convention Against Torture ("CAT").[1] *See In re Lumbala,* File No. A 95 367 466 (Immig.Ct., Hartford, Nov. 12, 2003).

We assume the parties' familiarity with the underlying facts and procedural history.

Judge D'Angelo found that Lumbala was not credible and accordingly denied all of her requests for relief. In her petition, Lumbala argues that the IJ's adverse

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto Gonzales is substituted for his predecessor, Attorney General John Ashcroft, as respondent in this case.

1. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85; *see also* 8 C.F.R. § 1208.16 (regulations implementing the CAT).

credibility finding is not supported by substantial evidence.

When the BIA affirms an IJ's decision without opinion, we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). In judicial review of orders of removal, "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We are especially deferential when reviewing adverse credibility determinations. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–74 (2d Cir.2004).

Here, we find that the IJ's decision was based upon substantial evidence. Based on our review of the record, we cannot conclude that "any reasonable adjudicator would be compelled to conclude" that the IJ's adverse credibility finding—which he based on Lumbala's testimonial demeanor [A. 54] in addition to inconsistencies in her statements at various stages of the asylum process and certain elements of her story that the IJ found implausible—was incorrect. We therefore decline to disturb the IJ's adverse credibility finding.

For the foregoing reasons, the petition for review is **DENIED.**

Having completed our review, any stay of removal that the Court previously granted in this petition is **VACATED,** and any pending motion for a stay of removal in this petition is **DENIED** as moot.